[No. 7897.  Department Two.  October 8, 1909.]

EDD D. SMITH, *Appellant*, v. THE CITY OF SPOKANE,
*Respondent*.[1]

CONSTITUTIONAL LAW—RIGHT TO ENGAGE IN OCCUPATIONS—HEALTH
REGULATIONS—MUNICIPAL CORPORATIONS.  Ordinances of a city of the
first class creating a crematory department for the collection and
disposition of refuse and garbage, and making it unlawful for any
person other than authorized employees of the department to en-
gage in hauling in the city any such refuse, except manure, are not
unconstitutional as preventing one formerly in that business from
engaging in a lawful occupation.

MUNICIPAL CORPORATIONS — HEALTH REGULATIONS — ORDINANCES.
An ordinance making it unlawful for any one outside the crematory
department to haul refuse through the streets is not restricted by
Bal. Code, § 3000, requiring owners of private property to remove
the source of filth upon twenty-four hours' notice, the latter afford-
ing merely a cumulative remedy.

CONSTITUTIONAL LAW—POLICE POWER—HEALTH REGULATIONS—MU-
NICIPAL CORPORATIONS.  Ordinances conferring the exclusive right to
collect garbage and refuse upon a city department are within the
police power in that they tend directly to promote the public health.

MUNICIPAL CORPORATIONS — HEALTH REGULATIONS — OBJECTIONS—
PERSONS ENTITLED.  An ordinance creating a crematory department
for the collection of garbage cannot be objected to by a stranger as
delegating to a board the power to fix a schedule of prices, when the
prices fixed were satisfactory to the parties concerned.

Appeal from a judgment of the superior court for Spo-
kane county, Huneke, J., entered January 19, 1909, upon
findings in favor of the defendant, after a trial on the merits
before the court without a jury, in an action to restrain the
enforcement of a city ordinance.  Affirmed.

*Swanson & Ripley*, for appellant.

*L. R. Hamblen, F. D. Allen*, and *Harry A. Rhodes*, for re-
spondent.

RUDKIN, C. J.—Ordinance No. A3,033 of the city of Spo-
kane, approved October 11, 1907, created a crematory de-

[1]Reported in 104 Pac. 249.

partment in the city government and provided that such department should collect and dispose of all manure, garbage, offal, refuse, rubbish, dead animals, or any vegetable or animal matter detrimental to health, under the sanitary ordinances of the city. Ordinance No. A3,791, approved September 24, 1908, declared that it should be unlawful for any person, firm or corporation, or any agent or employee thereof, other than the authorized officers, agents, and employees of the crematory department, to haul, carry or convey, through, along, or upon any public street, alley or sidewalk within the city, any garbage, night soil, ashes, or any waste or refuse substances, except manure, and provided a penalty for the violation thereof.

For about ten years last past the plaintiff has been engaged in hauling swill, offal, manure, garbage, night soil, and other refuse substances in the city of Spokane, and such employment has been rendered unlawful by the provisions of the last-mentioned ordinance. This action was instituted for the purpose of restraining the city and its officers from enforcing the provisions of this ordinance as against the plaintiff and those similarly situated, and from a judgment dismissing the action, the present appeal is prosecuted.

The principal contention of the appellant is that the ordinances complained of deny to him the right to engage in a lawful occupation to earn a livelihood for himself and family, and are therefore obnoxious to the constitution of this state and the constitution of the United States. This contention cannot be sustained. In all matters pertaining to the public health, nearly if not the entire police power of the state is vested in municipal corporations of the first class. Under its charter and the general laws of the state, the city of Spokane may define and abate nuisances, regulate and prohibit the carrying on of occupations which are of such a nature as to affect the public health, and make all needful rules and regulations for the health, comfort, safety, and well-being of the city and its inhabitants. See, Bal. Code, § 739, subds. 22, 30,

34, 36 (P. C. § 3732), and like provisions contained in the city charter. Nor are these powers limited or restricted by Bal. Code, § 3000 (P. C. § 7600), which provides that the owner or occupant of private property must remove any source of filth or sickness upon twenty-four hours' notice from certain officers. The latter section was enacted in territorial days, and if in force at all, affords a cumulative remedy only.

We think the subject-matter of these ordinances are clearly within the police power of the state. The limits of that power are not easily defined, for, as said by Shaw, C. J., in *Commonwealth v. Alger*, 7 Cush. 53, 85, "It is much easier to perceive and realize the existence and sources of this power, than to mark its boundaries, or prescribe limits to its exercise." But that the removal and destruction of the noxious, unwholesome substances mentioned in these ordinances tends directly to promote the public health, comfort, and welfare would seem to be beyond question. If so, an ordinance which tends to accomplish these results is a proper exercise of the police power; and from this power is necessarily implied the duty to determine the means and agencies best adapted to the end in view. That that object can best be attained by entrusting the work in hand to some responsible agency under the control of the city, possessing the facilities for carrying it on with dispatch, and with the least possible inconvenience, must be apparent to all. Ordinances conferring the exclusive right to collect garbage and refuse substances upon some department of the city government, or upon a contractor with the city, have almost universally been sustained. *Smiley v. MacDonald*, 42 Neb. 5, 60 N. W. 355, 47 Am. St. 684, 27 L. R. A. 540; *Walker v. Jameson*, 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 49 Am. St. 222, 28 L. R. A. 679; *In re Vandine*, 6 Pick. 187, 17 Am. Dec. 351; *State v. Fisher*, 52 Mo. 174; *River Rendering Co. v. Behr*, 7 Mo. App. 345; *Alpers v. San Francisco*, 32 Fed. 503; *National Fertilizer Co. v. Lambert*, 48 Fed. 458; *In re Zhizhuzza*, 147 Cal. 328, 81 Pac. 955.

We are therefore of opinion that the ordinances in question fall within the police power of the state, and deny to the appellant no right or privilege guaranteed to him by either the constitution of this state or of the United States. The appellant attacks the first mentioned ordinance on the further ground that it delegates to the board of public works the power to fix a schedule of prices for the removal of garbage, but he is in no position to raise that question. If the prices fixed are satisfactory to the parties immediately concerned, a stranger will not be heard to complain.

In view of the conclusion we have reached on the merits of the case, we deem it unnecessary, to discuss or consider the question whether injunction is the proper remedy. There is no error in the record and the judgment is affirmed.

CROW, PARKER, DUNBAR, and MOUNT, JJ., concur.