[No. 16670. Department Two. December 19, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. ALMANSON M. LOVELACE *et al., Appellants.*[1]

MUNICIPAL CORPORATIONS (319) — HEALTH REGULATIONS — ORDINANCE—POWERS OF CITY. An ordinance of a city of the third class for the disposal of garbage is a valid exercise of municipal power under Const., art. 11, § 11, giving any city power to make such local sanitary regulations as are not in conflict with general laws, and Rem. Code, § 7671-14, subd. (r) especially authorizing cities of the third class to enact and enforce local, police, sanitary and other regulations.

SAME (44)—ORDINANCES—VALIDITY—FRANCHISE. An ordinance providing for entering into a contract with the most satisfactory bidder for the disposal of garbage is not one granting a franchise, since no right or privilege is thereby granted.

SAME (99) — HEALTH REGULATIONS — ORDINANCE — VALIDITY — AWARD OF CONTRACT TO BIDDER. Where an ordinance authorizing the letting of a contract for the disposal of garbage to the highest bidder means to such person as the city council shall deem best qualified and equipped for the performance of the contract who would perform it for the lowest charge to the people served, and where there is no showing of its being productive of revenue, it cannot be held invalid.

¹Reported in 203 Pac. 28.

SAME (45)—ORDINANCE—VALIDITY—SUBJECT AND TITLE. The title of an ordinance reciting that it is one for the letting of an exclusive contract for the disposal of garbage and rubbish and providing certain penalties, is broad enough to cover a section requiring any person disposing of his own garbage at any designated dump to first pay to the city clerk a fee of one dollar and a half for each load.

SAME (45). The objection that the penalty of an ordinance is not covered by its title cannot be raised by one who is not charged with a violation of the ordinance.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered July 14, 1921, upon a trial and conviction of violating an ordinance. Affirmed.

*E. N. Livermore,* for appellants.
*Wm. C. Bates,* for respondent.

HOVEY, J.—In this case the defendants were convicted of violating an ordinance of the city of Vancouver relative to the disposal of garbage. The case was disposed of upon an agreed statement of facts, and the only question presented is the validity of the ordinance.

Vancouver is a city of the third class, organized under the laws of this state relative to cities of that class. On August 16, 1920, the city passed an ordinance, a portion of which is as follows:

"An Ordinance providing for the letting of exclusive contract for the removal of manure, garbage, offal, refuse, rubbish, dead animals and all vegetable or animal matter detrimental to health and providing certain penalties and repealing Ordinance No. 578.

"The City Council of the City of Vancouver Do Ordain As Follows:

"Section I. That the city council shall, every five years or as frequently as may be required, let to the highest bidder for cash the exclusive right to collect, remove and dispose of all manure, garbage, offal, refuse, rubbish, dead animals, night soil, waste or refuse

substances or any vegetable or animal matter detrimental to health.

"Section II. Upon direction of the city council, the city clerk shall advertise for bids for the contract above provided, in conformity with the ordinances of the city of Vancouver, Washington, the first publication of said call for bids to be at least seven days prior to the time for opening same. The city council shall have the power to refuse any and all bids and shall award said contract to the person in their mind best qualified and equipped for performance of its contract. In submitting bids every person bidding shall specify the rates and charges and times of collection to be made by him.

"Section III. Every successful bidder shall furnish surety bond to the city of Vancouver in the sum of one thousand ($1,000) dollars, conditioned upon the faithful performance of his contract and compliance with all the ordinances of the said city, and such bidder shall maintain an office within said city equipped with a telephone.

"Section IV. It shall be unlawful for any person to perform any of the things herein enumerated except the person to whom such contract is awarded, provided, however, that this shall not prohibit any person from anywise disposing or removing his own garbage to any designated city dump, nor shall it apply to such businesses that have garbage for sale for cash or its equivalent.

"Section V. Every contract entered into by virtue of this ordinance shall specify that the city of Vancouver may terminate such contract upon sixty days written notice, upon condition that the city purchase all equipment used in connection therewith at a value to be determined by a board of appraisers, one to be appointed by said contractor, one by the city and the third by the two thus appointed.

"Section VI. Any person disposing of his own garbage at any designated dump shall first pay a fee of one and 50/100 ($1.50) dollars for each load removed by him, to the city clerk."

Thereafter the city advertised for bids, as provided in the ordinance, and from the bids received accepted the one presented by Sherman Drew and made a contract with him in accordance with the terms of the ordinance.

The first contention made is that the city is without authority to enact an ordinance of this kind because the subject is not specifically mentioned in the law relative to cities of the third class. Appellants rely upon *Wilson v. Beyers,* 5 Wash. 303, 32 Pac. 90, 34 Am. St. 858. That was a case where a town was held not to have the power to impound live stock running at large in the streets, because of the fact that the law relative to the town was a part of the general statute (Laws 1889-90) relative to cities and towns in which the power was specifically given to the higher class municipalities but was not mentioned in defining the powers of towns. It was, however, said in that case that the power would probably be embraced within the police powers of the town and covered by its general welfare clause, if the act did not seem to show an intent by the legislature to withhold the power from this class of municipalities.

The general law relative to all municipalities was subsequently superseded as to cities of the third class by a complete law as to such cities, passed by the legislature in the year 1915, and since that time each class seems to have been separately treated by the legislature, except for certain general laws on special subjects. By subdivision (a) of § 14, p. 655, of the act of 1915 (Rem. Code, § 7671-14; P. C. § 797), the city is given power "to pass ordinances not in conflict with the constitution and laws of this state or of the United States." Subdivision (r) p. 658, Laws of 1915, reads as follows:

"To make all such ordinances, by-laws, rules, regulations and resolutions, not inconsistent with the consti-

tution and laws of the state of Washington, as may be deemed expedient to maintain the peace, good government and welfare of the corporation and its trade, commerce and manufactures, and to do and perform any and all other acts and things necessary or proper to carry out the provisions of this chapter, and to enact and enforce within the limits of such city all other local, police, sanitary and other regulations as do not conflict with general laws.''

In our opinion, one of the most important functions of a city is to provide for the health of its inhabitants, and it cannot be doubted but what the non-removal of the matter defined in the ordinance would be a serious menace. The right of a city to function in this manner seems to be generally recognized. Article 11, § 11, of the constitution reads as follows:

''Any county, city, town, or township, may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws.''

In *Smith v. Spokane,* 55 Wash. 219, 104 Pac. 249, 19 Ann. Cas. 1220, an ordinance on this subject was sustained as to cities of the first class, and a great many authorities are cited in support of the right under the general powers of a city. We are satisfied that this first objection is not well taken.

For their second contention, appellants maintain that the ordinance is one granting a franchise and is invalid because passed upon the day of its introduction, in violation of § 7671-12, Rem. Code (P. C. § 795), which requires that ordinances of this character shall not be passed until five days after their introduction and without being first submitted to the city attorney, and they cite *Sanitary Reduction Works v. California Reduction Co.,* 94 Fed. 693, to the effect that an ordinance granting the exclusive right to one person of this privilege

is an ordinance granting a franchise. In our opinion, it is not necessary to decide the effect of such an ordinance under our laws, as the ordinance in question simply provides the method by which the city proposes to take care of garbage and no right or privilege is granted by it. The subject-matter in this case is disposed of by contract, and the city in so acting is merely providing an agency for the carrying into effect of one of its corporate functions.

The third point made by appellants is that the ordinance is void because it requires the contract to be awarded to the highest bidder. Appellants cite one case, *Dreyfus v. Boone,* 88 Ark. 353, 114 S. W. 718. We are not supplied with a copy of the contract made under this ordinance, but we gather from the briefs that the contract was in fact let to the person best equipped to do the work who would perform it for the lowest charge to the people served, and if any revenue whatever is derived by the city, no showing is made to that effect. We believe that a contract of this sort is what the ordinance contemplates, construed as a whole, and if any revenue is derived by the city it would be merely incidental to the main purpose of cleaning up the city at the lowest cost possible consistent with efficient results.

The fourth point made by the appellants is that the ordinance is void because by § 6 a charge of $1.50 per load is made to the individuals who haul their own garbage to a city dump, which provision they claim is not covered by the title of the act. The appellants are not in any position to raise this question, as the charge against them is not the violation of this section, but we are asked by respondent to dispose of the question. We believe that it is covered by our previous decisions establishing the rule that the title of an act is sufficient

if it covers the general subject-matter and it is not necessary that it be an index. *Seattle v. Barto,* 31 Wash. 141, 71 Pac. 735.

The judgment is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.