[No. 22301. Department Two. March 5, 1930.]

GABRIEL WALLIS, *Appellant*, v. FIDELITY & DEPOSIT COMPANY OF MARYLAND, *Respondent*.[1]

*Rickabaugh & McElroy*, for appellant.

*Charles T. Peterson, Robert M. Davis*, and *Reuben C. Carlson*, for respondent.

FRENCH, J.—The appellant, Gabriel Wallis, in February, 1924, was, by ordinance, granted the exclusive privilege of handling all garbage in the city of Kelso,

[1]Reported in 285 Pac. 656.

for a period of ten years, the ordinance providing that rates to be approved by the city of Kelso should be charged therefor, and requiring a bond in the sum of two thousand dollars to be filed by the appellant as a guaranty for faithful performance of the contract. This ordinance was introduced and passed as an emergency ordinance on the 5th day of February, 1924, and was passed by a vote of four of the city councilmen. Appellant thereafter filed a bond in the amount of two thousand dollars with the respondent as surety on such bond.

In August, 1925, respondent notified the city of Kelso and the appellant that it elected to cancel such bond, and it is claimed that this cancellation was wrongful. The city, being notified of the cancellation of the bond, revoked the contract held by the appellant, and this action was brought by the appellant against the bonding company for wrongful cancellation of the bond. The cause was tried before the court with a jury. The court instructed the jury that:

"You are instructed that the ordinance passed by the city of Kelso awarding plaintiff a franchise for garbage removal was not passed in the manner required by law. It was therefore invalid and void, and could be revoked by the city at any time without cause, upon duly passing an ordinance revoking the same.

"In case your verdict should be for the plaintiff under the evidence in the case, then you must consider the fact that the franchise could have been revoked by the city at any time before the expiration of the full unexpired term of the contract, in determining the plaintiff's damage, if any."

The statute of this state relative to the passage of ordinances in cities such as Kelso, provides:

"No ordinance and no resolution granting any franchise for any purpose shall be passed by the city council, on the day of its introduction, nor within five

days thereafter, nor at any other than a regular meeting, nor without first being submitted to the city attorney. . . . No franchise or valuable privilege shall be granted unless by the vote of at least five members of the city council. No ordinance, and no resolution or order shall have any validity or effect, unless passed by the votes of at least four councilmen. . . ." Rem. Comp. Stat., § 9125.

That a city in this state has the right, under the police power, to handle garbage itself or to provide for its being handled by private parties, is well settled. *Smith v. Spokane,* 55 Wash. 219, 104 Pac. 249, 19 Ann. Cas. 1220; *Cornelius v. Seattle,* 123 Wash. 550, 213 Pac. 17.

It is true that the ordinance in the instant case denominates the right to handle the garbage as a franchise. The bond filed denominates the right granted by the ordinance in question as being a franchise. And if the right granted by this ordinance is a franchise, then the record clearly shows that it was invalid by reason of the fact that it was not passed in accordance with the provisions of the statute above quoted. But the fact that it is denominated a franchise in the ordinance and in the bond does not make it a franchise unless it is one in fact. That the exclusive right to collect garbage in a city is not a franchise, as that term is used in the statute, is settled in this state by the cases above cited as well as by *State v. Lovelace,* 118 Wash. 50, 203 Pac. 28.

In the last mentioned case, the city of Vancouver, being a city of the same class as Kelso, had passed an ordinance providing that the council might grant the exclusive right to collect and dispose of garbage in the city, and also providing that no other person should be permitted to gather garbage when this exclusive right had been granted. Pursuant to the terms of that

ordinance, the city of Vancouver had granted the exclusive right and privilege to a person selected, and one Lovelace was arrested for the violation of the terms of the ordinance for the reason that he had, contrary to the terms thereof, and in violation of the rights of the party who had the exclusive contract, collected garbage.

The ordinance had been passed by the city of Vancouver exactly as the ordinance in the instant case was passed by the city of Kelso, namely, on the day of its introduction, and the question was squarely presented whether the rights granted pursuant to the ordinance were franchise rights or not, it being claimed that the ordinance was void because of the fact that it did permit the granting of a franchise or exclusive privilege as that term is used in the statute, and that, being passed on the day of its introduction, was therefore void, and there could be no conviction for a violation thereof. This court held that the rights granted under such an ordinance were only contract rights; that the city had an absolute right itself to collect the garbage or let a contract therefor as it saw fit, and in order to uphold the conviction must necessarily have held that the ordinance did not grant a franchise or valuable privilege.

The legal effect of what was done by the city of Vancouver in the case of *State v. Lovelace, supra,* was exactly the same as the legal effect of what was done in this case, the giving of an exclusive right to one person to collect for a term of years the garbage within the city limits under conditions and rates approved by the city. It is true that cases cited from other states seem to hold that the right to collect garbage is a franchise right. The principal case cited and relied upon by appellant was considered by this court in the case of *State v. Lovelace, supra,* and was not followed.

It must necessarily follow that, if an ordinance gives to the city the right to grant an exclusive contract to handle garbage, and when a contract is granted pursuant to such an ordinance such exclusive contract is not a franchise, then an ordinance which purports to do exactly the same thing, namely, grant to one person the right to handle the garbage, is not an ordinance granting a franchise or exclusive right, and that the instruction given in this case was therefore erroneous.

Reversed.

MITCHELL, C. J., FULLERTON, and MAIN, JJ., concur.