[No. 28328. Department One. September 22, 1941.]

CITY SANITARY SERVICE COMPANY, *Respondent*, v.
JOHN A. RAUSCH *et al., Appellants.*[1]

[1]Reported in 117 P. (2d) 225.

*Conner & Conner,* for appellants.

*Hughes & Hughes,* for respondent.

MAIN, J.—The plaintiff brought this action seeking injunctive relief. The trial to the court without a jury resulted in a decree permanently enjoining the defendants from doing the thing of which the plaintiff complained. From this decree the defendants appeal.

The respondent is a corporation organized under the laws of this state. The appellants are husband and wife, and reside near the city of Wenatchee. August 19, 1940, the city, by its board of commissioners, passed an ordinance, designated as ordinance No. 967. August 26, 1940, the city acting through its commissioners, entered into a contract with the respondent wherein the city granted to the respondent the exclusive right to collect garbage within the city for a period from August 26, 1940, to April 1, 1950. The ordinance and contract were introduced for first reading at the regular meeting of the commissioners August 12, 1940, and on the nineteenth day of August of that year the ordinance came up for final reading and was passed. It thus appears that the ordinance was passed less than thirty days after its introduction.

The appellants' first contention is that the ordinance, in effect, granted to the respondent a franchise, and they call our attention to Rem. Rev. Stat., § 9038

[P. C. § 744], which provides that no ordinance granting a franchise or any valuable privilege in a city shall be passed "on the day of its introduction nor for thirty days thereafter." As above appears, the ordinance in question was passed less than thirty days after its introduction.

In the case of *Wallis v. Fidelity & Deposit Co.*, 155 Wash. 618, 285 Pac. 656, it was distinctly held that a garbage ordinance did not grant a franchise. In that case, it was pointed out that the case of *Cornelius v. Seattle*, 123 Wash. 550, 213 Pac. 17, was to the same effect. The appellants recognize the force of these decisions and attempt to distinguish the *Cornelius* case and ask us to overrule the *Wallis* case. We have again considered the matter, and we are of the opinion that those cases were correctly decided, and we adhere to them.

 The next contention is that the ordinance here involved is invalid, under certain provisions of the Federal and state constitutions. If the ordinance was passed in the exercise of the police power, the constitutional provisions, to which attention is called, do not apply. *State ex rel. Lane v. Fleming*, 129 Wash. 646, 225 Pac. 647, 34 A. L. R. 500; *Chief Petroleum Corp. v. Walla Walla*, ante p. 297, 116 P. (2d) 560.

In the case of *Smith v. Spokane*, 55 Wash. 219, 104 Pac. 249, it was held that a garbage ordinance was a valid exercise of that power, even though, in pursuance thereof, the contract was let to an individual to collect and dispose of garbage. It was pointed out in the opinion in that case that such ordinances were almost universally sustained, as follows:

"But that the removal and destruction of the noxious, unwholesome substances mentioned in these ordinances tends directly to promote the public health, comfort, and welfare would seem to be beyond question. If so, an ordinance which tends to accomplish

these results is a proper exercise of the police power; and from this power is necessarily implied the duty to determine the means and agencies best adapted to the end in view. That that object can best be attained by entrusting the work in hand to some responsible agency under the control of the city, possessing the facilities for carrying it on with dispatch, and with the least possible inconvenience, must be apparent to all. Ordinances conferring the exclusive right to collect garbage and refuse substances upon some department of the city government, or upon a contractor with the city, have almost universally been sustained. *Smiley v. MacDonald,* 42 Neb. 5, 60 N. W. 355, 47 Am. St. 684, 27 L. R. A. 540; *Walker v. Jameson,* 140 Ind. 591, 37 N. E. 402, 39 N. E. 869, 49 Am. St. 222, 28 L. R. A. 679; *In re Vandine,* 6 Pick. 187, 17 Am. Dec. 351; *State v. Fisher,* 52 Mo. 174; *River Rendering Co. v. Behr,* 7 Mo. App. 345; *Alpers v. San Francisco,* 32 Fed. 503; *National Fertilizer Co. v. Lambert,* 48 Fed. 458; *In re Zhizhuzza,* 147 Cal. 328, 81 Pac. 955."

Even though some things that are classified as garbage have elements of value, in the interest of the public health and welfare a city, nevertheless, has a right, by ordinance, to provide for its collection and disposition.

In the case of *Gardner v. Michigan,* 199 U. S. 325, 50 L. Ed. 212, 26 S. Ct. 106, it was said:

"Touching the suggestion that garbage and refuse are valuable for the manufacture of merchantable grease and other products it is sufficient, in view of what we have said in the other case, to remark that it was a controlling obligation of the city, which it could not properly ignore, to protect the health of its people in all lawful ways having relation to that object; and if, in its judgment, fairly and reasonably exercised, the presence of garbage and refuse in the city, on the premises of householders and otherwise, would endanger the public health, by causing the spread of disease, then it could rightfully require such garbage and refuse to be removed and disposed of,

even if it contained some elements of value. In such circumstances, the property rights of individuals in the noxious materials described in the ordinance must be subordinated to the general good."

It is next contended that Wenatchee, being a city of the second class, which has the right to legislate in the exercise of its police power, is more restricted than cities of the first and third classes. We shall not follow the argument of the appellants in this respect, but shall point out certain sections of the statute which confer power upon cities of the second class.

Rem. Rev. Stat., § 9034 [P. C. § 742], subd. 1, grants to cities of the second class the power to make and pass all ordinances, orders, and resolutions not repugnant to the constitutions of the United States or the state of Washington.

Section 9034, subd. 14, specifies that a city may provide for the removal of all filth and garbage "in streets, sloughs, alleys, back yards or public grounds of such city, or elsewhere therein."

Section 9034, subd. 35, authorizes a city of the second class to make contracts and agreements for the use or benefit of the city.

Section 9034, subd. 56, authorizes the city to legislate for the "general welfare."

Under these sections, the city clearly was given power to pass an ordinance and make a contract for the collection and disposition of garbage.

It is next contended that the respondent had no right to bring this action because it had no permit as a contract carrier from the state department of public service, and had not paid the fee required when an application for such a permit is made. It will be admitted that the respondent had no permit to operate as a contract carrier and had not paid any fee for such a permit. It will be further admitted that, by virtue

of the contract which the respondent made with the city for the removal of garbage, it became a contract carrier, as those terms are defined in subdivision (f) of section 2 of chapter 166, Laws of 1937, p. 625 (Rem. Rev. Stat., Vol. 7A, § 6382-2 [P. C. § 234-13½ b]); *State v. Diamond Tank Transport,* 2 Wn. (2d) 13, 97 P. (2d) 145.

Section 12 of chapter 70 of the Laws of 1937, p. 245 (Rem. Rev. Stat. (Sup.), § 3836-12 [P. C. § 4656-62]), provides that no corporation shall be permitted to commence or maintain any suit, action, or proceeding in any court of this state,

" . . . without alleging and proving that it has paid or contracted to pay as hereinafter provided, all fees due the State of Washington under existing law or this chapter."

The precise question, then, is, whether the respondent, as a condition precedent to its right to maintain the action, is required to obtain a permit and pay the fee required therefor.

Section 6 of chapter 166, Laws of 1937, p. 627 (Rem. Rev. Stat., Vol. 7A, § 6382-5 [P. C. § 234-13½ e]), provides, in addition to other things, that no contract carrier

" . . . shall hereafter operate for the transportation of property for compensation in this state without first obtaining from the department a permit so to do under the provisions of this act."

And, in section 7, p. 628, of the same chapter (Rem. Rev. Stat., Vol. 7A, § 6382-7 [P. C. § 234-13½ g]), the fees necessary to be paid are specified.

Section 4 of chapter 166, Laws of 1937, p. 626 (Rem. Rev. Stat., Vol. 7A, § 6382-3 [P. C. § 234-13½ c]), provides that:

"The provisions of this act, except where specifically otherwise provided, and except the provisions providing for licenses, shall not apply to:

"(a) Motor vehicles operated exclusively within the corporate limits of any city or town of less than 100,000 population . . . "

The court found that the city of Wenatchee had a population of less than one hundred thousand, and also found that the respondent had paid all fees due from it to the state of Washington which it was legally obligated to pay. It thus appears, from the provisions of the statute last quoted, that a contract carrier operating within the city of Wenatchee is not required to obtain a permit from the department of public service and pay the fees therein specified relative to such permit.

Neither the ordinance nor the contract purported to give any right to the respondent to operate outside the city limits.

It is finally contended that the respondent was not entitled to injunctive relief. The ordinance in question contained a provision making it unlawful for any person, firm, or corporation to haul or carry garbage on any public street, except on those authorized by the city. It appears that, after the ordinance was passed and the contract executed, the appellants continued to collect garbage in the city of Wenatchee, as they had done prior thereto, and this action was brought to restrain them from so doing. The respondent was entitled to injunctive relief.

The decree appealed from will be affirmed.

ROBINSON, C. J., STEINERT, BLAKE, and DRIVER, JJ., concur.