[Civ. No. 8124.   Third Dist.   Aug. 25, 1952.]

GUIDO PONTI, Appellant, v. MARTIN BURASTERO et al., Respondents.

Robert E. Burns and Dunnell, Herbert & Dunnell for Appellant.

Rolland L. Pope, City Attorney (Vallejo), and O'Hara, Randall, Castagnetto & Kilpatrick for Respondents.

SCHOTTKY, J. pro tem.—This is an action for declaratory relief to test the validity of an ordinance of the city of Vallejo which awarded an exclusive garbage disposal contract to defendant Vallejo Garbage Service, and to determine the rights of the individual parties under a contract providing for garbage disposal on dividing territory between them. Plaintiff also sought an alternative judgment against the individual defendants for damages in the sum of $72,200.

Defendants denied the material allegations of the complaint, and defendant city of Vallejo in its answer joined the plaintiff in seeking a declaration of the rights of all of the parties under the ordinance and under the contract of the individual parties.

There is little, if any, dispute as to facts. The defendant and respondent Vallejo Garbage Service and its predecessors had been operating under an exclusive contract to collect garbage in the city of Vallejo from 1926 until October 11, 1942, the date of the contract in question. The plaintiff and appellant, Guido Ponti, and his father before him, had collected garbage in an area adjacent to the city of Vallejo from a date prior to 1935 until October 11, 1942. Prior to 1936 two areas that were served by Ponti were Vista de Vallejo Tract and the Fleming Tract, both tracts then located outside the city. Vallejo Garbage Service also had customers in these tracts. In 1936 the Fleming and Vista de Vallejo tracts were annexed to the city of Vallejo. However, both Ponti and Vallejo Garbage Service continued to serve customers in these two tracts until the execution of the contract of October 11, 1942. There was evidence at the trial that the two parties operating in the same areas caused much friction, which was one reason for the execution of the said contract. Another reason for the execution of the said contract was that the overlapping routes caused both companies to use excess tires and gas at a time when both commodities were subject to war rationing.

On October 11, 1942, plaintiff and all of the individual defendants, namely, Raoul Ponti and Guido Ponti (plaintiff herein), owners of Ponti Garbage Service, a garbage disposal business, parties of the first part, defendants Nick Zunino and Lawrence Zunino, doing business under the fictitious name of N and L Garbage Service, second parties, and a partnership doing business under the fictitious name of Vallejo Garbage Service, the third parties, entered into a written agreement and supplement thereto which provided in substance that said first party should not engage in the garbage disposial business in Vallejo Township or Benicia Township, east of United States Highway No. 40; that the second and third parties would not engage in the garbage disposal business within the Township of Vallejo, west of said United States Highway No. 40, excluding, however, certain designated areas, covered by their then existing contracts with federal agencies; that the term of said agreement was for 20 years; and the supplemental agreement thereto, of the same date, provided that said term should be extended for any additional period of time, over 20 years, that might be provided for, in any exclusive contract or franchise, entered into between second and third parties, with the city of Vallejo. After the contract was executed plaintiff withdrew his proposal for an exclusive contract with the city.

On October 14, 1942, the council of the city of Vallejo adopted Ordinance No. 898 N.S. authorizing the execution of an agreement between the city and defendant Vallejo Garbage Service, dated October 17, 1942, under which said defendant was given the exclusive privilege to collect and dispose of all garbage and rubbish in the city of Vallejo, for the term from November 9, 1942, to November 9, 1967. The ordinance, which includes a complete copy of the contract, provides that the contract shall be deemed to be an exclusive privilege, so long as the parties of the second part, some of defendants herein, shall fully and faithfully carry out all of its conditions and covenants; also, that a previous garbage contract with said parties should remain in full force and effect, until the 9th day of November, 1942, and that said parties of the second part should pay to the city two per cent of gross collections from customers, and that the "agreement shall not, nor any interest therein, be sold, assigned or transferred without the consent" of the city.

After the execution of the contract the plaintiff transferred his customers inside the city of Vallejo to defendant Vallejo

Garbage Service, and transferred his customers east of Highway 40 to defendant N and L Garbage Service. He received in exchange defendants' customers west of Highway 40, and outside of the city as its boundaries were in 1942. All of the parties carried on the garbage disposal business in the different areas as agreed to until the city in 1949 annexed several areas which were being served by plaintiff under the October 11th agreement. In June, 1949, the city of Vallejo annexed the Lakeview Subdivision and in December, 1949, it annexed the Hanns Tract and Highland Subdivision. These newly annexed subdivisions are located west of Highway 40. Plaintiff and defendant Vallejo Garbage Service both claimed the exclusive right to serve the newly annexed territory and the instant action was filed by plaintiff as aforesaid.

Following a trial before the court sitting without a jury, the court found in substance as follows:

(1) That Ordinance No. 898 N.S. granting an exclusive garbage privilege to Vallejo Garbage Service was validly enacted in all respects under the police power and that the provisions of the Vallejo city charter relative to franchises were not here applicable.

(2) That said exclusive privilege extended to all parts of the city of Vallejo including later annexed territory.

(3) That the Vallejo Garbage Service did not restrict themselves by the October 11, 1942, contract merely to the city of Vallejo as it then existed, but that, regardless of the interpretation accorded to said contract, Vallejo Garbage Service had no power to assign any part of the exclusive contract before or after it was awarded in view of clause No. 13 precluding assignment; and further, that in view of the fact the said contract was awarded properly under the police power, no contract between private parties could interfere with this function.

(4) That therefore the plaintiff and appellant, Ponti, had suffered no damage.

Judgment was rendered in favor of defendants in accordance with said findings, and plaintiff has appealed from said judgment. Since the entry of judgment the city has required that plaintiff discontinue service in the annexed areas.

Appellant first contends that Ordinance No. 898 N.S., pursuant to which the contract granted respondent Vallejo Garbage Service the exclusive right to collect garbage within the city, is invalid because it was not adopted by the city council in the mode required by article XII of the charter of

the city of Vallejo. Appellant quotes from said article XII as follows:

"An applicant for a franchise, permit or privilege shall file with the council an application therefor, and thereupon the council shall, if it proposes to grant the same, advertise the fact of said application, together with a statement that it is proposed to grant the same, in one or more newspapers of the city. The publication of such advertisement must run for ten successive days, Sundays and legal holidays excepted, and must be completed not less than fifteen and not more than thirty days before any further action can be taken on such application."

Appellant points out that the said ordinance was adopted by the city nine days after the first publication and that the publication was for five days. Appellant also states that the payments to the city under the contract for the 25-year period will not equal the minimum percentage payments required by the charter.

Respondents do not contend that in enacting Ordinance No. 898 N.S. the city council attempted to comply with article XII of the charter relating to franchises, but respondents contend that garbage contracts are governed by the police power provisions of the state Constitution, and are therefore not controlled by the charter provisions relating to franchises. Respondents cite article XI, section 11 of the California Constitution as follows:

"Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

Respondents also cite article IX, section 49, of the city charter as to the "Powers of the City and of the Council" which reads as follows:

"Except as herein otherwise expressly provided, the council shall exercise all the general powers of the city herein set forth and all powers now held by or that may hereafter be given to the city under the constitution or the laws of the state; but only in the manner and under the conditions of this charter, and subject to all the provisions thereof. In addition to all such powers, the council, subject to the provisions and restrictions of this charter, shall have power:

. . . . . . . . . . . . .

"(30) To provide for the collection and disposal of garbage, ashes, animal and vegetable refuse, dead animals, animal offal, rubbish and waste matter."

Appellant cites numerous authorities which state the well-settled rules that the power to grant franchises is strictly construed in favor of the public and against the agency to which the power is delegated and that the charter is the constitution of a city and ordinances which do not comply with the charter are invalid. He argues that the city council of the city of Vallejo had no power to grant the exclusive contract here involved except in accordance with the procedures established by article XII of the charter.

Respondents in reply point out that under the city charter garbage regulation is treated separately from franchises generally, and that the sections referring to franchises were meant only to cover public utility functions, and argue that the power to control garbage disposal is not derived from the franchise article but is contained in those sections outside of the franchise article. They refer to the fact that the Vallejo City Council has never deemed the franchise article applicable to contracts for garbage disposal and quote the following from 23 California Jurisprudence, page 775:

" 'Contemporaneous exposition is in general the best.' The contemporaneous and practical construction of a statute by those whose duty it is to carry it into effect, while not controlling, is always given great respect. And a contemporaneous interpretation, long acquiesced in by all persons who could possibly have an interest in the matter, has been held sufficient to justify a court in resolving any doubt it might have as to the meaning of ambiguous language employed by the legislature, in favor of sustaining such long unquestioned interpretation. The courts will, if possible, uphold such construction where rights of property have been acquired thereunder for many years."

They point out also that the precise question here concerned was the subject of court action in the superior court in Solano County in 1921 and that the superior court held in that case that the franchise article did not apply.

██ We are satisfied, as was the trial court, that the passage of Ordinance No. 898 N.S. and the making of the contract thereunder was in the exercise of the police power of the city. As was said in *Glass* v. *City of Fresno*, 17 Cal.App.2d 555, at p. 558 [62 P.2d 765]:

". . . It is well settled in this state that in collecting garbage, trash and similar refuse and disposing of the same a municipality exercises a governmental function. (*Pittam* v. *City of Riverside*, 128 Cal.App. 57 [16 P.2d 768].) 'In the

collection and disposal of garbage a municipal corporation exercises governmental functions.' (*Miller* v. *City of Palo Alto*, 208 Cal. 74 [280 P. 108].) To the same effect is *In re Santos*, 88 Cal.App. 691 [264 P. 281]. It has further been held that the authority of a city to perform such work is derived from section 11 of article XI of the state Constitution. (*In re Zhizhuzza*, 147 Cal. 328 [81 P. 955]; *In re Pedrosian*, 124 Cal.App. 692 [13 P.2d 389].)''

We are convinced also that an exclusive contract to handle garbage is not a franchise within the meaning of the charter of the city of Vallejo and that under the great weight of authority the making of such a contract by a municipality is not considered to be the granting of a franchise. The general rule is well expressed in *Wallis* v. *Fidelity & Deposit Co. of Maryland*, 155 Wash. 618 [285 P. 656], as follows:

''That a city in this state has the right under the police power to handle garbage itself, or to provide for its being handled by private parties, is well settled. *Smith* v. *Spokane*, 55 Wash. 219, 104 P. 249, 19 Ann.Cas. 1220; *Cornelius* v. *Seattle*, 123 Wash. 550, 213 P. 17. It is true that the ordinance in the instant case denominates the right to handle the garbage as a franchise. The bond filed denominates the right granted by the ordinance in question as being a franchise. And if the right granted by this ordinance is a franchise, then the record clearly shows that it was invalid by reason of the fact that it was not passed in accordance with the provisions of the statute above quoted. But the fact that it is denominated a franchise in the ordinance and in the bond does not make it a franchise unless it is one in fact. That the exclusive right to collect garbage in a city is not a 'franchise,' as that term is used in the statute, is settled in this state by the cases above cited, as well as by *State* v. *Lovelace*, 118 Wash. 50, 203 P. 28.''

In 7 McQuillan on Municipal Corporations, 3d edition, section 24.251, page 90, it is stated:

''Generally a municipal corporation can contract with one or more persons or corporations for the collection and removal of waste matters, garbage, filth, trash, refuse, carcasses and offal. It may grant an exclusive privilege to a contractor or licensee to make such collection and removal for a specified period. Removal of substances of this character must proceed quickly and without abatement, with as little inconvenience as possible to inhabitants; and experience in such removal, which contributes to its orderliness and efficiency, may under

some circumstances best be obtained through a contract. In any event, it is within municipal legislative competency to decide to have the service performed under a contract. Accordingly, an exclusive contract for the removal of these substances constitutes a proper exercise of the police power. The common-law doctrine that monopolies are odious and therefore illegal refers to franchises and agreements in restraint of trade, and has no application to police regulations designed to promote the health or morality of the public, and, hence, it has no application to an exclusive contract for the removal of waste products such as garbage, refuse, decaying carcasses and similar waste matters, at least where they are a nuisance, offensive or likely to be dangerous to the public health. An ordinance may forbid the collection of garbage by unlicensed persons, revoke existing licenses and give the right to the city garbage contractor. The contract may be made to run for many years, subject, of course, to constitutional, statutory and charter limitations. A charter amendment forbidding monopoly for hauling garbage becomes effective only after expiration of an existing exclusive contract.''

And in an exhaustive annotation in 15 American Law Reports at page 300 it is stated:

''An ordinance, enacted under the authority of a statute, granting an exclusive right to remove garbage, is not prohibited by a statute forbidding the granting of contracts or franchises for the use of the streets, except under certain conditions. *O'Neal* v. *Harrison* (1915) 96 Kan. 339, L.R.A. 1915F, 1069, 150 P. 551, wherein the court said: 'We regard that statute, however, as referring only to the public utilities specifically named, or to those of a similar nature.' ''

Appellant in his reply brief makes the further contention that if article XII of the city charter is not applicable the ordinance is nevertheless invalid under article VIII, section 44(12) of the charter which provides:

''No bill for the grant of any franchise shall be put upon its final passage within thirty days after its introduction, and no franchise shall be renewed before one year prior to its expiration.''

The ordinance authorizing the exclusive garbage contract was introduced October 14, 1942, and adopted at a regular meeting of the council on October 17, 1942. However, if our conclusion that the authorizing of an exclusive contract for the disposal of garbage is not the granting of a franchise within the meaning of the charter of the city of Vallejo, we

must also conclude that section 44(12) of article VIII is not applicable.

■ Appellant in his reply brief argues also that if said Ordinance No. 898 N.S. is not a franchise contract it is a public contract, and is invalid because it does not comply with article XI, section 65(2) of the city charter and Ordinance No. 31 N.S. Article XI, section 65(2) (1911 Stats., p. 2003) provides:

"The council shall, by ordinance, provide a regular and orderly procedure for the letting, making and satisfactory performance of all public contracts, to the end that the interests of the city may be properly safeguarded. Such procedure shall, among other things, provide for the making of proposals for doing public work and for furnishing material or supplies to the city on printed forms prepared and supplied by the city; for forms and requirements of affidavits of genuineness and good faith in making bids, with penalties for the disregard thereof; for proper security, in money or otherwise, to accompany bids, and the forfeiture thereof on failure to fulfill any contract; for the time and manner of receiving, opening, examining, declaring, rejecting, and awarding bids; for the signing and filing of an adequate number of copies of all contracts; and for the proper execution in favor of the city of sufficient bonds to insure the faithful and satisfactory performance of every contract."

Ordinance No. 31 N.S. was adopted in 1911 pursuant to this mandate of the charter. It requires, as does section 65(2), an affidavit by the bidder of good faith, that the bid is not sham or collusive, and that:

"Any bid made without such affidavit or in violation thereof shall be absolutely void and also any contract thereunder."

It appears that no affidavit of good faith was filed by respondent Vallejo Garbage Service when it submitted its proposal to the city.

In ruling against this contention of appellant the learned trial judge stated:

"In action No. 7376, Superior Court of Solano County, Vallejo Disposal Company, a corporation, plaintiff, vs. Arata, et als., Defendants, where it was urged as here, that the provisions of the Vallejo City Charter, including Articles XI and XII thereof, and of Ordinance No. 31 N.S. had not been followed, in providing for garbage disposal, the Superior Court held that said provisions did not apply to that situation; judgment was entered, accordingly, on Febru-

ary 1, 1942, and there was no appeal therefrom; though it would appear, that the parties to this action are not bound by said judgment, it is, nevertheless, an interpretation of the Charter provisions in question here, by the Superior Court of Solano County.

"From a reading of the Ordinance No. 31 N.S. it seems clear that it applies only to the awarding of contracts for public work, for the purchase of materials or supplies; it did not, therefore, apply to the enactment of said ordinance nor to the making of the contract, thereby provided for; Section VI of Ordinance No. 31 N.S., provides that the contract 'shall state distinctly and specifically, the work contemplated and the material or supplies to be furnished;' further, 'that all contracts shall specify the time within which the work shall be commenced and materials or supplies furnished and when to be completed.' "

We agree with this analysis.

Appellant next contends that by the contract of October 11, 1942, the parties established their business areas which were to continue for the term of the contract and that the contract should be specifically enforced. Appellant states:

"The contract specifically provides in Paragraph First that appellant will not engage in the garbage disposal business within the City of Vallejo as that city is delineated and defined by the map of Vallejo as of that date. In Paragraph Second appellant agreed that he would not engage in the garbage disposal business in Vallejo Township or Benicia Township east of Highway 40 as that highway was 'presently located'. In Paragraph Third the individual respondents agreed not to engage in the garbage disposal business within the Township of Vallejo west of Highway 40, excluding the City of Vallejo. These paragraphs are to be construed together and it is clear that the parties established thereby three specific areas in each of which one party was to engage in business, the other parties, in return for a similar promise, agreeing not to engage in business in that area."

Appellant argues that the contract of 1942 should be construed as establishing three district areas in each of which one of the parties was to engage in business; and that the contract properly construed defines those areas as the city of Vallejo existed in 1942. Appellant relies upon the language of the contract whereby he agrees not to conduct business in the city of Vallejo as "delineated or defined by the existing map or present boundaries," and argues that such

provision impliedly reserves to appellant the right to engage in business in areas added to the city after that date.

Respondents in reply argue that a proper construction of the contract permits respondent Vallejo Garbage Service to operate in this annexed territory and state that the plain meaning and result of the language of the contract is that appellant did not bind himself to stay out of said annexed territory as this annexed territory would then be part of the city of Vallejo.

Upon the theory that the written language was ambiguous, the court admitted evidence to aid in the interpretation of the contract. Witness Greenwood, attorney for defendants, testified that at the time of the making of the contract paragraph third was discussed at a meeting of the parties; that he advised his clients that they could not delimit themselves to the boundary of the city as it existed on October 11, 1942, and retain the franchise with the city; that the matter of future annexation was discussed; that "My memory is that Paragraph Third was changed some from what the original draft was, and that was due to the fact that we knew under our franchise and under the law we had to service the City of Vallejo, no matter what its confines or limits may be, and it took in the City of Vallejo, whatever the confines may be during the life of that franchise," and that "we told him [appellant] if there was any annexation, we told him that under our franchise we would have to service it and service it exclusively, because they always have an exclusive franchise, that is the only kind Vallejo grants."

In view of this testimony the record supports the implied finding of the court that it was understood at the time the agreement was finally signed that respondent Vallejo Garbage Service would have the exclusive right to service any areas which might be annexed to the city of Vallejo, and, therefore, appellant's argument as to the construction and effect of the contract cannot be sustained.

Appellant finally argues that the application of Ordinance No. 898 N.S. to the annexed territory will impair the obligation of appellant's contract. But, as we have just pointed out, the construction which was placed upon the contract by the trial court, and which is supported by the record, is that respondent Vallejo Garbage Service would have the exclusive right to service any areas which might be annexed to the city, and it is clear that appellant's entire

argument upon the point is based upon an erroneous construction of the contract.

Furthermore, so far as respondent, city of Vallejo, is concerned, no agreement of the other parties not agreed to by the city could operate to change the provisions of Ordinance No. 898 N.S. providing that respondent Vallejo Garbage Service should have the exclusive privilege to collect garbage and that the "Agreement shall not, nor any interest therein be sold, assigned or transferred without the consent" of the city.

As stated by the trial judge in his opinion:

". . . In this case, of [in the] exercise of police power by the City of Vallejo, a contract was made solely by private individuals, without knowledge or consent of the city, to divide territory into service areas, with reference in some degree, to a future city contract, to be made by some of said contracting parties, and the city contract to include term, rates and other requirements as to service; the city was a stranger to, and is not bound by, said contract, which gave said individuals no rights, that could control city action.

"It would also appear, that the issue of impairment or abridgement of contractual rights, is answered by the provision, in the city contract, not heretofore referred to, by any of the parties, that said contract, nor any interest therein, should be sold, assigned or transferred, without consent of the city; in this respect, the following appear to cover the situation fully:

"McQUILLIN on Contracts, volume 3, page 1349:

". . . an agreement between one obtaining a city garbage contract and others, to carry on the contract as a partnership, is invalid, where the contract forbids its assignment.

"*DeVita* v. *Loprete*, 77 N.J.Eq. 533 [77 A. 536, Ann.Cas. 1912a, 362].

"Here a garbage contract included a non-assignment provision, quite similar in language to that in the Vallejo contract. Prior to the making of the city contract, the parties, as in this case, contracted between themselves, in expectancy of the future award to some of them, of a garbage contract. The court held that equity would not enforce such prior contract between the persons, and stated as follows: One of the purposes of this provision is manifestly to prevent a collusion arrangement between the parties who might otherwise be partners in the contract by which the city would be

deprived of the contract between them and one of them be enabled to an award of the contract at an exorbitant figure.

*"Hobbs v. McClean,* 117 U.S. 567 [6 S.Ct. 870, 29 L.Ed. 940].

"This authority under the conditions there disclosed, holds, that no cause of action exists, where a contract is made between parties in anticipation of obtaining a government contract."

While it may not be necessary to a determination of the instant case we deem it proper to add that the law seems to be well settled as stated in McQuillin on Municipal Corporations, Revised, volume 1, 2d edition, section 310, page 860, as follows:

"The general rule is that a municipal ordinance, regulation or contract designed for the corporation at large operates throughout its boundaries whatever their change, and it has been held by state courts that grants by such ordinance, though accepted and amounting to contracts, are to be construed as made and accepted in contemplation of, and subject to, such rules unless the contrary is clearly expressed."

And as stated in 24 American Jurisprudence, page 677:

". . . Similarly, it has been decided that a general franchise granting the right to use the streets of a municipality extends to territory subsequently annexed to the municipality, on the ground that when new territory is brought into a city, general ordinances of the city immediately control the new as well as the old territory, and do not require express legislative action to give them such application."

In view of the foregoing we conclude that the trial court correctly determined that ordinance No. 898 N.S. was validly enacted, that the exclusive privilege extended to all parts of the city of Vallejo, including later annexed territory, that respondent Vallejo Garbage Service was not restricted by the October 11, 1942, contract merely to the city of Vallejo, and that plaintiff and appellant Ponti was not entitled either to damages or specific performance.

No other points raised require discussion.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 23, 1952.