THE CITY OF PASSAIC v. PATERSON BILL POSTING, ADVERTISING AND SIGN PAINTING COMPANY.

Submitted March 24, 1904—Decided June 13, 1904.

1. The legislature may authorize a municipal corporation to regulate the erection and maintenance of structures used for advertising purposes and placed upon lots near the street line so as to fully protect from danger persons passing along the street, but such regulations must be reasonable.
2. When statutes are obviously intended to provide for the public safety, and the ordinances prescribed under them are reasonable and in compliance with their purposes, both the statutes and the ordinances are lawful, and must be given due effect.
3. When the control attempted to be exercised over private rights is in excess of that essential to effectuate such legitimate authority, it deprives the owner of his property by circumscribing the use of it, without giving him the just compensation secured to him in such case by the organic law.
4. The statute does not authorize the prohibition of all signs; it provides for regulation only, and must be construed, in view of the settled law when it was passed, that regulation must be exercised within reasonable limits, subject to the supervision of the courts. The statute, therefore, cannot be successfully assailed.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutor, *William B. Gourley.*

For the defendant, *Adrain D. Sullivan* and *James A. Sullivan.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defendant company was convicted in the city of Passaic of violating the following city ordinance and fined $25:

"SECTION 1. *Be it ordained by the City Council of the City of Passaic,* That no sign or billboard of wood or metal now in existence or hereafter to be erected upon uprights or other supports extending into the ground or otherwise, shall be at any point more than eight feet above the surface of the ground, and the same shall be constructed not less than ten feet from the street line, and shall be supported and braced in a thorough manner, and no such sign or billboard shall be constructed without having first secured a permit from the building inspector of the city of Passaic, under a penalty of twenty-five dollars."

The authority relied upon to justify the passage of the ordinance is chapter 240 of the laws of 1903. *Pamph. L., p.* 513.

Section 1 of that act provides that "It shall be lawful for the common council or other governing body of any city in this state, by ordinance, to regulate the size, height, location, position and material of all fences, signs, billboards and advertisements, erected, built, displayed or published within the limits of such city, and to provide the manner of securing, fastening and shoring the same, and the removal, change and alteration of all fences, signs, billboards and advertisements now or hereafter existing, and the imposition of a penalty of twenty-five dollars for any violation thereof." The title is as broad as the section recited.

1. It is insisted that this statute and the ordinance passed in pursuance of it are void and without authority.

The Massachusetts statute provides that any fence or other structure in the nature of a fence, unnecessarily exceeding six feet in height, maliciously erected or maintained for the purpose of annoying the owners or occupants of adjoining property, shall be deemed a private nuisance.

This statute was subjected to judicial criticism in the case of *Rideout* v. *Knox,* 148 *Mass.* 368.

The right of the owner of land, at common law, to erect a fence thereon as high as he pleases, is conceded in the opinion, and many cases are cited to support it, but the court said that the right to use one's property for the sole purpose of injurying others is not one of the rights of property recognized by the common law.

The court qualified this declaration by saying that malevolence must appear to be the dominant motive of the landowner to justify legislative interference.

The language of the court in *Crawford* v. *City of Topeka,* 20 *Lawy. Ann. Rep.* 692, is: "Cities of the first class may regulate the erection and maintenance of structures used for advertising purposes and placed upon lots near the street line, so as to fully protect persons passing along the streets, but such regulations must be reasonable.

"An ordinance 'that no person shall erect any billboard for advertising unless the same is placed at such distance from the street line as shall exceed at least five feet the height of such billboard,' is unreasonable and invalid. In general, the owner has the right to erect such buildings or other structures upon his property as he pleases, provided he does not annoy, injure or threaten harm to others by so doing."

The case of *People* v. *Green,* 85 *App. Div.* (*N. Y.*) 400, concedes that in the exercise of the police power the right may be granted to municipalities to control the erection of signs where the public safety requires it, but holds that a statute which purports to give unlimited power to regulate the erection of signs on private property would be an attempt to authorize the appropriation of private property to public

use without compensation, and therefore inimical to consti-
tutional provisions.

In the *Matter of the Application of Jacobs,* 98 N. Y. 98,
it was unanimously resolved by the Court of Appeals that
such general power could not be given to cities, and that it
was for the courts to determine in every case whether, in the
reasonable exercise of the police power, the action of the
city could be upheld.

In our own state, the power of the courts to pass upon the
reasonableness of an ordinance of this character has been
repeatedly recognized. *Haynes* v. *Cape May,* 21 *Vroom* 55;
*Trenton Horse Railroad Co.* v. *Trenton,* 24 *Id.* 132.

In *City of Rochester* v. *West,* 164 N. Y. 510, the statute
was declared to be valid on the ground that it was intended
to provide for the safety of the community.

I think the true rule to be extracted from the cases, and
the one abundantly supported by them, is that when statutes
are obviously intended to provide for the public safety and the
ordinances prescribed under them are reasonable and in com-
pliance with their purposes, both the statutes and the ordi-
nances are lawful and must be given due effect.

When the control attempted to be exercised over private
rights is in excess of that essential to effectuate such legiti-
mate authority, it deprives the owner of his property by cir-
cumscribing the use of it, without giving him the just
compensation secured to him in such case by the organic law.

It is not unreasonable to apprehend that the erection of
such signs as are prescribed by the Passaic ordinance might
be attended with danger to the public at times of severe
storms or by the decay of their supports, and therefore we
declare that the ordinance is not without legal authority. In
this respect it differs from the case of Billposting Sign Com-
pany *v.* Atlantic Ctiy, decided at the present term of this
court.

We do not find any controlling force in the contention
that because all dangerous erections are not provided against,
one danger may not be prohibited.

The statute above recited does not authorize the prohibition

of all signs; it provides for regulation only, and must be construed, in view of the settled law when it was passed, that regulation must be exercised within reasonable limits, subject to the supervision of the courts.

The statute therefore is not obnoxious to any fundamental provision, and it will furnish legal support for reasonable regulation.

The judgment below should be affirmed, with costs.