## CANTON (city) v VAN VOORHIS

Ohio Appeals, 5th Dist, Stark Co

No 1788. Decided February —, 1939

Donald L. McCarroll, assistant city solicitor, Canton, for plaintiff-appellee.

H. H. Emmons, Canton, for defendant-appellant.

## OPINION

By LEMERT, J.

The defendant-appellant was arrested by the police officers of the City of Canton, Ohio, tried in the Municipal Court of said city upon an affidavit which alleged that said defendant-appellant did unlawfully collect and remove by means of an automobile truck garbage over the streets of city of Canton in violation of an ordinance prohibiting same. The trial Court returned a verdict of guilty as charged; sentenced the defendant-appellant to pay a fine of $25.00 and costs of prosecution.

To the finding of the Municipal Court, error was prosecuted to the Common Pleas Court of Stark County, and upon a review of the proceedings of the Municipal Court, said Common Pleas Court affirmed and sustained the finding of the Municipal Court, to which defendant excepted and gave notice of appeal to this Court.

The sole question presented in this case is whether or not Sections No. 60 and No. 61 of the Revised Ordinances of 1930 or the

City of Canton, Ohio are valid and constitutional and within the power of the city to enact.

Section 60 of said Ordinances provides as follows:

"No person other than the duly authorized employees of the City of Canton shall collect, remove, appropriate, convey or transport any garbage which has heretofore been placed or put in such garbage can."

Section No. 61 provides as follows:

"No person shall collect, remove, convey or transport any garbage by any means whatsoever in, over or upon any street or public highway in the City of Canton."

Under **Art. XVIII, §3 of the Constitution,** we find that cities and municipalities have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations as are not in conflict with general laws.

It has been frequently held by the Supreme Court of Ohio that pursuant to this Article of the Constitution of Ohio that cities now derive their authority from the Constitution and not from acts of the General Assembly and that said authority is subject to no limitation whatsoever except that an ordinance or regulation shall not be in conflict with the general laws.

The only statute delegating power to cities or municipalities concerning the collection and disposition of garbage is §3649, GC which is as follows:

"To provide for the collection and disposition of sewage, garbage, ashes, animal and vegetable refuse, dead animals and animal offal and to establish, maintain and regulate plants for the disposal thereof."

So that in this case we are face to face with the proposition, with what general law does this Ordinance in question conflict? We are of the opinion that it does not conflict with §3649, GC, hereinbefore quoted,

but on the other hand, the Ordinance is in compliance with that Section.

In the case of **Murphy v Toledo, 108 Oh St 342,** the Court there held that municipalities have full power to regulate or control the use of their streets.

It is quite clear to this Court that the hauling of garbage over city streets is not an ordinary and customary street use, but rather a special use which the City of Canton has a legal right to entirely prohibit if it so feels inclined.

The Courts of this country have been uniform in holding that ordinances passed for the collection and disposition of garbage based upon reasonable grounds as a means for the protection of the public health, is not a taking of private property for public use without compensation within the meaning of the Federal Constitution, even though such garbage and refuse may have some elements of value for certain purposes. United States Reports, Vol. 199, Page 306.

"Property rights of individuals must be subordinated to the general good and if the owner of garbage suffers any loss by its destruction he is compensated therefor in the common benefit secured by the regulation requiring all garbage to be destroyed." Gardner v Michigan, United States Reports, Vol. 199, Page 325.

The Supreme Court of Ohio, in the case of **State ex Mook v Cincinnati (city), 120 Oh St 500,** held:

"The adoption of regulations pertaining to health and sanitation, including the process of collection and disposal of garbage is within the proper exercise of the police power of the state and of its municipalities."

We therefore find that the Common Pleas was right in affirming the finding and judgment of the Municipal Court and it follows that the finding and judgment of the Common Pleas Court will be affirmed. Exceptions may be noted.

MONTGOMERY, PJ, and SHERICK, J, concur.