[Crim. No. 1803.   Third Dist.   Sept. 2, 1942.]

In re L. L. SOZZI on Habeas Corpus.

Charles Reagh for Appellant.

Otis D. Babcock, District Attorney, Elvin F. Sheehy and Robert Holstein, Deputies District Attorney, and Benjamin Frantz, Special Prosecutor, for Respondent.

ADAMS, P. J.—Petition for writ of habeas corpus.

Petitioner alleges in his petition that he is imprisoned and restrained of his liberty by the sheriff of Sacramento County, pursuant to a purported conviction in the Justice's Court of Sacramento Township, County of Sacramento, of a violation of section 7, Ordinance and Regulation No. 1 of Hagginwood Sanitary District, in that he wilfully and unlawfully collected garbage in said district, he not then being a collector employed thereby; that on appeal to the Superior Court of Sacramento County, his conviction was affirmed, and that his conviction and imprisonment are illegal for the reason that section 7 of Ordinance and Regulation No. 1 of said Sanitary District is unlawful and void, and not within the power of said Sanitary District to enact.  Said section 7 provides:

"On and after the 1st day of January, 1942, the District Board will provide a garbage collection service in Hagginwood Sanitary District.  On and after said 1st day of Jan-

uary, 1942, it shall be unlawful for any person, other than collectors employed by Hagginwood Sanitary District, by and through its District Board, to collect any garbage or waste in Hagginwood Sanitary District; and, on and after said date, it shall be unlawful for any person, firm or corporation to deliver or allow to be delivered to any person, other than such collectors employed by Hagginwood Sanitary District, any garbage or waste removed or to be removed from any premises in Hagginwood Sanitary District.''

It is admitted by petitioner that he collected garbage as charged, and that he was not employed by Hagginwood Sanitary District, by or through its District Board. The only question presented is whether section 7 of Ordinance and Regulation No. 1 of the Hagginwood Sanitary District is valid.

The formation of sanitary districts is provided for in division 6 of the Health and Safety Code. Government of such districts is vested in a board of five members. Its powers are defined in sections 6510 to 6522, inclusive, of the Health and Safety Code. Section 6518.5 provides: ''It may collect waste and garbage.'' Section 6521 provides: ''It may make and enforce all necessary and proper regulations for: (a) The removal of garbage; (c) All other sanitary purposes not in conflict with the laws of this State.'' Section 6522 provides: ''It may do any act necessary or proper to the complete exercise and effect of any of its powers, or for the purposes for which it is formed.'' Section 6523 provides: ''A violation of a regulation or ordinance of a district is a misdemeanor punishable by fine not to exceed one hundred dollars ($100), imprisonment not to exceed one month, or both.''

Petitioner concedes that under the foregoing provisions, Hagginwood Sanitary District can engage in the collection of garbage. He contends, however, that its right to do so is not exclusive, for the reason that ''a municipal corporation cannot, under grant of a power to regulate a lawful business, either create a monopoly or prohibition.'' He cites numerous authorities in support of this assertion, but the cited cases do not deal with the police power respecting disposal of garbage. They are not in point here. The gathering of garbage is not a trade, business or occupation in any proper sense. (*In re Santos*, 88 Cal. App. 691 [264 Pac. 281] ; *In re Zhizhuzza*, 147 Cal. 328 [81 Pac. 955] ; *Grand Rapids* v. *DeVries*, 123 Mich.

570, 582 [82 N. W. 269] ; *In re Pedrosian,* 124 Cal. App. 692 [13 P. (2d) 389] ; *City of Canton* v. *Van Voorhis,* 61 Ohio App. 419 [22 N. E. (2d) 651] ; *Gardner* v. *City of Dallas,* 81 F. (2d) 425, and cases cited in Note 1 thereto ; *Wheeler* v. *City of Boston,* 233 Mass. 275 [123 N. E. 684, 15 A. L. R. 275].)

The Sanitary District, being authorized "to make and enforce all necessary rules and regulations for the removal of garbage," and "to do any act necessary or proper to the complete exercise and effect of any of its powers, or for the purposes for which it is formed," may reserve to itself the exclusive right, through its own agents or employees, to collect garbage within its limits. The foregoing cases so hold. Extensive notes dealing with the validity of statutory or municipal regulations as to garbage are found in 15 A. L. R. 287, 304, 72 A. L. R. 520, 526, and 135 A. L. R. 1305, 1311, and demonstrate that it is well settled that a municipality may reserve to itself, through its duly authorized employees, the exclusive right to remove garbage accumulating within its limits, or may grant to one person such exclusive right; and that it cannot be said that property rights are affected by a regulation that garbage may not be removed by other than a licensed collector or one having a permit for that purpose.

The writ is denied and the petitioner remanded.

Thompson, J., and Schottky, J. pro tem., concurred.