**293 P.2d 984**

Ben GOMEZ, Emilio Guerin, Rosallo Romero, Dan Romero, Manuel Tafoya, and Benigno Torres, Plaintiffs-Appellants,

v.

The CITY OF LAS VEGAS, a Municipal Corporation of the State of New Mexico, and Estes-Matthews, Las Vegas Sanitation Company, a co-partnership, Defendants-Appellees.

No. 6007.

Supreme Court of New Mexico.

Feb. 2, 1956.

Rehearing Denied March 5, 1956.

Donald A. Martinez, Las Vegas, for appellants.

Jack Whorton, H. E. Blattman, Noble, Spiess & Noble, Las Vegas, for appellees.

SADLER, Justice.

The plaintiffs below, who are appellants here, seek the review on appeal of a judgment of the district court of San Miguel County, dismissing their complaint, in a suit wherein they seek to enjoin the City of Las Vegas from enforcing its certain ordinance No. 595 relating to garbage disposal and as well the contract entered into pursuant thereto with defendants named for garbage removal within the city.

In view of the fact that the appeal is prosecuted from a summary judgment entered on a motion interposed by defendants to the amended complaint filed by plaintiffs, based on the ground that the complaint failed to state a claim upon which relief could be granted, it becomes necessary at the outset to summarize the material allegations of such complaint.

An original complaint in the cause was filed on March 29, 1955. Thereafter, on April 18, 1955, the amended complaint, the dismissal of which is the subject of this appeal, was filed by the plaintiffs. Omitting the allegations naming and identifying the plaintiffs and defendants, it alleges that the plaintiffs are each and all in the business of hauling and disposing of garbage, trash and refuse of all kinds from residences and places of business within the City of Las Vegas and have been so engaged for several years last past; that for the year 1954 and several years prior thereto, the plaintiffs were duly licensed by the City to engage in such business; that each of them had made due application to the City for a license to engage in the business during the year 1955; offering to pay the fee therefor, but that, excepting the plaintiff, Emilio Guerin, each of them had been refused the license sought.

Paragraph 2 of the complaint alleges, further, that plaintiffs at all times have complied with the sanitary ordinances and rules and regulations of the City relating to the manner of hauling and disposing of garbage, and have at all times conducted the business in a clean, sanitary and healthful manner; that they, and each of them, have earned their living from said business, which constitutes their livelihood; that pursuant to the conduct of said business each of them has contracted with various and divers residents and business men of the City for the hauling and disposing of gar-

bage, trash and refuse of all kind from residences and places of business within the City, and to render service in connection therewith, at certain regular intervals and to receive therefor compensation as agreed upon by the plaintiffs and their various customers; that they have each invested considerable time and money in establishing their respective businesses and in purchasing equipment therefor, and that they have regular customers and enjoy extensive good will among the residents and business men of the City.

It is further alleged in the amended complaint that on or about September 14, 1936, the City adopted what is known as Ordinance No. 595 of which the parts said to be pertinent hereto are set out in this paragraph of the complaint. In substance, Section 13 of the ordinance enacts that the City, by appropriate resolution, may provide for the collection, removal and disposal of all garbage by one or more of several methods, to-wit:

(a) By appointment of a suitable person or persons as collector or collectors, in which event the fees collected shall be paid into the City Treasury, the collection and removal to be under the supervision of the City board of health.

(b) By licensing the collection of garbage to one or more persons or corporations to engage in the business of collecting specified types of garbage in accordance with provisions of the ordinance, in which event each licensee shall pay a license fee of $1 per annum for each truck or dray used, all such licenses to expire on December 31 of the year in which issued. If this method be employed, the charges collected may be retained by the licensee for his or its compensation, but no licensee to charge more than the maximum charges provided by the ordinance. In addition, provision is made for the cancellation of any such license at any time, for non-compliance of the terms thereof or of the ordinance, the license fee to be retained by the City.

(c) By contract with any person or corporation for the removal of Class 1 garbage, upon such terms and conditions not in conflict with the ordinance, as the City board of health may deem best and most advantageous for the City and the health and safety of the inhabitants thereof. Under this method the contract may provide for the charges collected to be retained by the contractor as compensation, or collected by the City and paid to the contractor, or paid into the City Treasury, and such contractor to be bound by maximum charges provided by the ordinance.

Section 15 of the ordinance fixed the charges for garbage collection at residences and at places of business and further provided for the making of such regulations concerning garbage collection as the City board of health might promulgate.

The amended complaint went on to allege that on or about March 14, 1955, the

City Council adopted a resolution of which a copy, marked "Exhibit A" was attached and by reference made a part of the complaint. It was said the resolution purported to find the method of garbage collection by individual licensees was not in the best interest of the community and that it authorized the administrative officers of the City to enter into a contract with the defendant Estes-Matthews Las Vegas Sanitation Company, for the purpose of giving said company the sole and exclusive right to collect, remove and dispose of all classes of garbage from all residences within the limits of the City. A copy of the contract entered into between defendant City and the defendant company pursuant to the resolution was attached to the amended complaint, marked "Exhibit B" and by reference made a part thereof.

It is then charged in the amended complaint that, by reason of the aforesaid acts of the City of Las Vegas, it was proposed by it to deny plaintiffs, and each of them, as well as others similarly situated, the right to engage in the business of hauling and disposing of garbage, trash and refuse of all kind from residences and places of business within said City. There follow allegations of the amended complaint charging the action of the City to be in violation of various and sundry provisions in the Constitution of the State of New Mexico and the United States, the first being Article IV, § 26, of the Constitution of New Mexico in that by such action the defendant City had proposed to grant to the defendant company the right to engage in the business of garbage collection within the City upon terms and conditions not equally available to all persons and corporations, as well as granting to said company exclusive right to engage in such business.

It is further charged in the complaint that the proposed action of the City is in violation of Art. II, § 18, of the Constitution of New Mexico, and of Section I, of the 14th Amendment to the United States Constitution in that:

(a) The proposed action would deprive plaintiffs of their right to engage in a lawful business and of their property rights in said business without due process of law.

(b) That the proposed action deprives the plaintiffs of the equal protection of the laws to the extent they are not given the right to engage in said business upon the same terms and conditions as those extended, or proposed to be extended, to the defendant company.

(c) That as citizens of the United States the plaintiffs are entitled to engage in such business, and such right is protected by the privileges and immunities clause of the 14th Amendment.

And so on and on by various subsequent paragraphs the proposed action of the City

is charged to be in violation of several other provisions of the Constitution of the State of New Mexico and of the United States, such as impairing the obligations of the contracts between plaintiffs and their customers; as constituting unreasonable, arbitrary, capricious and discriminatory action, not designed to accomplish anything for the betterment of the health, welfare, morals or safety of the community, and not a valid exercise of the police power and numerous other charges of invalidity such as being ultra vires and embracing described dry garbage which could in no manner be deleterious to the health and welfare of the community.

The amended complaint then charges that the contract entered into with the defendant company was in violation of 1941 Comp. § 14-4301, 1953 Comp. § 14-47-1, as providing for the leasing of property, to-wit, the city dump, having value in excess of $500 without submitting the question to a vote of the qualified electors of such municipality.

The amended complaint then takes out after Ordinance No. 595 and proscribes its validity on almost, but not quite, as many grounds as is the contract between the City and the defendant company said to be invalid. If other grounds of invalidity exist, additional to those charged against the proposed action of the City, the ordinance, and the contract, we feel sure the plaintiffs would have mentioned them. We may feel reasonably sure, then, that we have before us all infirmities which the challenged transaction possesses.

It was against such an amended complaint, with allegations, charges and claims of invalidity in the proposed action of the City, that the defendants interposed their motion to dismiss, upon the ground that it failed to state a claim upon which relief could be granted. The trial court heard argument and granted the motion. We think the judgment of the trial court was correct and should be affirmed. Our reasons for that conclusion follow.

We think it would scarcely be possible for any statute, ordinance or transaction to be burdened with as many legal infirmities and shortcomings as the large number said to inhere in the transaction here challenged. Some, though by no means all, of the claimed defects and infirmities pointed out, merit consideration and decision by us. All such will be taken up and resolved and the others will be disregarded as not meriting discussion.

At the outset, we desire to dispose of one challenge to the plaintiffs' right to be heard. Counsel for the defendants under their Point I say the plaintiffs have not shown a sufficient interest in the subject matter of the suit to maintain this proceeding, citing

Asplund v. Alarid, 29 N.M. 129, 219 P. 786, 790, and Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573. The defendants answer that this is a suit for declaratory judgment, not an ordinary suit in equity to enjoin threatened illegal action on the part of the City, and claim this denies the doctrine invoked application. We could easily become embroiled in a nice academic discussion of these varying contentions, with the possibility of saving ourselves some labor by resolving them one way or another. We prefer, however, not to do so. Indeed, we prefer to meet the issue squarely, head on, and decide the case on the merits.

Thus it is that we pass the question whether the two Asplund cases cited deny plaintiffs the right to maintain the suit by assuming they do not, still plaintiffs must fail in obtaining the relief sought upon a consideration of their claim on the merits. Likewise, we avoid determining whether the amended complaint represents a suit for declaratory judgment or an ordinary suit in equity for injunctive relief by declaring, whether the one or the other, makes not the slightest difference in our determination of the claim to a favorable judgment, present or declaratory. Let us proceed, then, to a determination of the plaintiffs' right to a judgment of either kind.

▮ We entertain no shadow of doubt but that the ordinance in question, under which the City acted by resolution to authorize the contract with Las Vegas Sanitation Company, a co-partnership composed of J. W. Estes and O. W. Matthews, is a police measure involving the health and welfare of all members of the community, comprising the City of Las Vegas. So concluding, the action of the City must stand unless for one or more of the reasons urged against it, the plaintiffs are entitled to injunctive relief as prayed for.

Citation of authority in support of the conclusion announced touching the character of the enabling statute and ordinance, pursuant to which the contract in question was entered into with the defendant Sanitation Company, would seem unnecessary from their very nature. Nevertheless, established precedent is not wanting. 1953 Comp. § 14–32–4; Mitchell v. City of Roswell, 45 N.M. 92, 111 P.2d 41; Arnold v. Board of Barber Examiners, 45 N.M. 57, 109 P.2d 779; State ex rel. Hughes v. Cleveland, 47 N.M. 230, 141 P.2d 192. And for cases from other states dealing more directly with garbage ordinances, see Ex parte Pedrosian, 124 Cal.App. 692, 13 P.2d 389; Ponti v. Busartero, 112 Cal.App. 2d 846, 247 P.2d 597; Northern Pac. Ry. Co. v. Lutey, 104 Mont. 321, 66 P.2d 785; Imes v. City of Fremont, 58 Ohio App. 335, 16 N.E.2d 584; Kemp Hotel Operating Co. v. City of Wichita Falls, 141 Tex. 90, 170

S.W.2d 217; Richards v. City of Columbia, 227 S.C. 538, 88 S.E.2d 683.

In urging the multifarious objections by plaintiffs to the ordinance and the transaction in question initiated thereunder, they overlook the fact that once it is determined the City is moving under a reasonable exercise of its police power in the action taken, every objection here urged against validity of the challenged action vanishes into thin air. Mitchell v. City of Roswell, supra; Arnold v. Board of Barber Examiners, supra; State ex rel. Hughes v. Cleveland, supra; Middle Rio Grande Water Users Ass'n v. Middle Rio Grande Conservancy District, 57 N.M. 287, 258 P.2d 391; Ex parte Pedrosian, supra; Ponti v. Busartero, supra.

■ For instance, there are constitutional guaranties against the granting of exclusive privileges to any person or corporation, N.M.Const. Art. IV, § 26, but this does not deny to the state or municipal subdivisions the power to grant to an individual the exclusive privilege to collect and dispose of garbage as a sanitary measure. Smiley v. MacDonald, 42 Neb. 5, 60 N.W. 355, 357, 27 L.R.A. 540 and note. Dealing with a similar situation in the case last cited the Supreme Court of Nebraska, among other things, said:

" * * * But the removal of the noxious and unwholesome matter mentioned in the contract tends directly

to promote the public health, comfort, and welfare, and is therefore a proper exercise of the police power; nor is the fact that, in this instance, the city has by contract conferred an exclusive privilege, material. From the power thus conferred upon the city is implied the duty to determine the means and agencies best adapted to the end in view. The means adopted appear to be not only a reasonable and necessary regulation, but a judicious exercise of the discretion conferred upon the city. That the object of all such regulations can be best attained by intrusting the work in hand to a responsible contractor, who possesses the facilities for carrying it on with dispatch, and with the least possible inconvenience to the public, is apparent to all."

■ See, also, Ex parte Sozzi, 54 Cal. App.2d 304, 129 P.2d 40; and extensive annotations of the subject in 15 A.L.R. 287; 72 A.L.R. 520, and 135 A.L.R. 1305. Indeed, the power of a municipality to move in the exercise of its police power to prevent disease and satisfy ordinary sanitary requirements is unquestioned and measured only by the exigencies of the situation, whether the hazard be to health or one from fire as in the case of dry garbage. See Town of Gallup v. Constant, 37 N.M. 211, 11 P.2d 962. Compare, Gibbons v. Town of Hot Springs, 51 N.M. 49, 178 P.2d 400.

■■ The effort of defendants to differentiate between wet and dry garbage in an application of the City's power to regulate must fail. The former presents no greater danger to health, if allowed to accumulate, than does the latter to fire prevention when left exposed and piled up around premises. Ex parte Pedrosian, supra; compare Town of Gallup v. Constant, supra. And, where the quality of reasonableness inheres in proposed action by a municipality in respect of either class of garbage, it is not to be stayed by invoking constitutional guaranties applicable in other circumstances. *Salus populi est suprema lex* represents the highest power possessed by the State. When properly invoked all other guaranties, public or private, must yield. It is the voice of the sovereign speaking for the safety and welfare of the whole people.

It is an exercise of this attribute of sovereignty committed into the hands of the municipalities of our state that is here challenged. We find the City's action reasonable and subject to no legal infirmities. All legal objections urged against it either are resolved by what has been said or found to be without merit. Accordingly, the judgment of the trial court is correct and should be affirmed.

COMPTON, C. J., and LUJAN, McGHEE and KIKER, JJ., concur.