(No. 35614.—

JOHN F. STRUB, Appellant, *vs.* THE VILLAGE OF DEERFIELD,
Appellee.

*Opinion filed May 18, 1960.*

PAUL M. WADE, of Chicago, (CHARLES E. POPE, of counsel,) for appellant.

THOMAS A. MATTHEWS, and BYRON S. MATTHEWS, both of Chicago, for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

Plaintiff, John F. Strub, filed a complaint in the circuit court of Lake County against the village of Deerfield, defendant, seeking a declaratory judgment that an ordinance of defendant relating to scavengers is unconstitutional and void insofar as it limits to two the number of scavenger licenses that may be in force at any time in the village. Defendant filed a motion to strike, which was granted, and the court thereafter entered judgment expressly finding the ordinance to be constitutional and dismissing the action. This direct appeal has followed, the trial court having executed a certificate as required by section 75 of the Civil Practice Act. Ill. Rev. Stat. 1959, chap. 110, par. 75.

It has been firmly established in this jurisdiction that a municipality has the power to regulate the collection, removal and disposal of garbage, ashes, refuse and waste accumulating within its limits, either under the police power conferred upon it, (Ill. Rev. Stat. 1959, chap. 24, par. 23—105,) or under those statutes, such as section 23—81 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1959, chap. 24, par. 23—81,) authorizing a municipality to do all acts and make all regulations necessary or expedient for the promotion of health and the suppression of disease. (*Consumers Co.* v. *City of Chicago,* 313 Ill. 408; 10 I.L.P., Cities, Villages, etc., sec. 1172.) Other

jurisdictions are uniformly in accord that stringent control over the collection of garbage is indispensable to the public health and safety, (see: 39 C.J.S., Health, sec. 28; McQuillin, Municipal Corporations, 3d ed., Sec. 24.245;) and an Ohio court, pointing out that the hauling of garbage over city streets is not an ordinary and customary street use, has further justified regulation of garbage disposal under the power of municipalities to regulate and control the use of their streets. See: *City of Canton* v. *Van Voorhis,* 61 Ohio App. 419, 22 N.E.2d 651.

Plaintiff concedes the existence of the power to regulate and, we gather, even agrees that the ordinance here, in its general aspects, is a reasonable exercise of that power. He contends, however, that municipalities have been given no express authority by the legislature to limit the number of scavengers within their boundaries, and that such a provision in the present ordinance violates the due process clause of section 2 of article II of the Illinois constitution, and creates a monopoly in contravention of both the common law and section 22 of article IV of our constitution.

It is a commonplace principle that a municipal corporation can exercise those powers necessarily implied in or incident to the powers expressly granted, and we have held in *Consumers Co.* v. *City of Chicago,* 313 Ill. 408, that the power to remove and dispose of garbage, refuse and other waste includes the power to create and use the necessary means to accomplish the purpose effectually. (See also: 10 I.L.P., Cities, Villages, etc., sec. 1172.) Ordinances regulating the collection of garbage are entitled to the presumption of validity which generally attends municipal enactments, and leading authorities agree that they should be sustained when they bear a reasonable relation to the purpose to be accomplished, *viz.,* the safe-guarding of the public health, and when the method formulated to meet the problem is reasonably designed to serve that end. See: *Marangi Bros.* v. *Board of Commissioners,* 33 N.J.

Super. 294, 110 A.2d 131; *Leroy Franz, Inc.* v. *City of New Rochelle,* 124 N.Y.S.2d 525; *City Sanitary Service Co.* v. *Rausch,* 10 Wash.2d 446, 117 P.2d 225; *Guerin* v. *City of Little Rock,* 203 Ark. 103, 155 S.W.2d 719.

Applying the foregoing principles to the case at hand it becomes apparent our concern is not with the presence or absence of an express legislative grant of power to limit the number of scavengers, but with the question of whether. the method of regulation selected by defendant, *i.e.*, by a limitation to two scavenger licenses, bears a reasonable relation to the purpose to be accomplished by the ordinance and, if so, whether plaintiff's individual rights must defer to the public advantage which arises from the ordinance.

While the issue appears to be one of first impression in this State, except for favorable dicta appearing in *Consumers Co.* v. *City of Chicago,* 313 Ill. 408, at 413, the overwhelming weight of authority in other jurisdictions is that considerations of public health provide sufficient justification for the granting of an exclusive license to scavengers to collect garbage within municipal borders. (37 Am. Jur., Municipal Corporations, sec. 300; 15 A.L.R. 293; 72 A.L.R. 523; 135 A.L.R. 1309; McQuillin, Municipal Corporations, sec. 24.251; Dillon, Municipal Corporations (5th ed.), sec. 678.) Granting of an exclusive license is reasonable and is said to bear a reasonable relation to the end sought to be accomplished, because it makes for the efficient handling of garbage, because obedience to the rules laid down for its handling is more easily compelled and enforced, and because, as observed in *Atlantic City* v. *Abbott,* 73 N.J.L. 281, 62 Atl. 999, at 1000, "* * * proper control can only be served by close and careful inspection, which becomes more and more difficult as the number of places and persons to be watched increases." See also: *O'Neal* v. *Harrison,* 96 Kan. 339, 150 Pac. 551.

Based upon the same paramount considerations of public

health, safety and good order, leading authorities also hold that no constitutional interference with property rights results from ordinances which create exclusive scavenger rights, inasmuch as the loss sustained by the individual is presumed to be compensated in the common benefit served by the public, and likewise agree that an exclusive right so created is not open to the objection that it is a monopoly, since the municipality is not undertaking to run, establish or operate a business of any kind, but is dealing solely in the exercise of the police power in the interest of public health. (See: 37 Am. Jur., Municipal Corporations, sec. 300; *Gomez* v. *City of Las Vegas,* 61 N.M. 27, 293 P.2d 984; *Ex parte Sozzi,* 54 Cal. App. 2d 304, 129 P.2d 40; *City of Rochester* v. *Gutberlett,* 211 N.Y. 305, 105 N.E. 548; *Valley Spring Hog Ranch Co.* v. *Plagmann,* 282 Mo. 1, 220 S.W. 1; *Iler* v. *Ross,* 64 Neb. 710, 90 N.W. 869; *California Reduction Co.* v. *Sanitary Reduction Works,* 199 U.S. 306, 50 L. ed. 204.) In the case last cited it is observed: "\* \* \* 'the possession and enjoyment of all rights are subject to such reasonable conditions as may be deemed by the governing authority of the country essential to the safety, health, peace, good order, and morals of the community. Even liberty itself, the greatest of all rights, is not unrestricted license to act according to one's own will.' " 199 U.S. at 324, 50 L. ed. at 212.

In light of the foregoing principles, many of which have been expressed and applied by this court in upholding the validity of comparable health and police measures, we find no infirmities in defendant's ordinance. The latter enactment does not purport to grant an exclusive license, but permits two to exist. There is then little basis for saying that the ordinance creates a true monopoly and even less reason for saying that it is unreasonable. However, even without these distinctions, we are satisfied that the restriction of scavenger licenses bears a real and reasonable

relation to the objects of public health sought to be attained, and that the public health problem involved justified the subordination of the individual rights upon which the plaintiff relies.

The judgment of the circuit court of Lake County is affirmed.

*Judgment affirmed.*