(No. 37781.—)

CHARLES LENZ AND SONS, Appellant, *vs.* THE VILLAGE OF LOMBARD *et al.,* Appellees.

*Opinion filed September 27, 1963.*

EDGAR J. ELLIOTT, of Wheaton, (PATRICK T. DRISCOLL, of Chicago, of counsel,) for appellant.

JACK E. BOWERS, of Downers Grove, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiff, Charles Lenz and Sons, a corporation, appeals directly to this court from a final decree dismissing its complaint, which sought to enjoin the enforcement of the scavenger licensing ordinance of the village of Lombard. The trial court has certified that the validity of the ordinance was involved and that the public interest requires a direct appeal. Ill. Rev. Stat. 1961, chap. 110, par. 75.

The ordinance requires an annual license to engage in the scavenger or garbage collecting business in the village. It fixes the license period from July 1 to the following June

30, requires an annual fee of $50 and limits the number of licenses to be issued to two. Applications for licenses are to be made, and fees are to be paid, to the village clerk. The ordinance sets out a schedule of permissible charges to be made by scavengers. It requires licensees to furnish service without charge to buildings owned by the village and to public litter receptacles located on the village streets. It also requires licensees to furnish, each spring, without additional charge, " a rubbish cleanup service, during which rubbish and trash not normally collected shall be collected and disposed of outside the village." The ordinance requires that all garbage be wrapped, prescribes types of containers and prohibits the operation of any except modern enclosed scavenger trucks with load packers.

Plaintiff's complaint alleged that it had for many years operated a scavenger business without complaint in the village of Lombard; that the ordinance was enacted on March 5, 1962, and that the president and board of trustees of the village issued licenses to Lombard Disposal Company and Suburban Disposal Company to become effective May 1, 1962. The complaint also alleged that the village manager advised the plaintiff by letter dated March 23, 1962, that "In view of the long service of the Lombard Disposal Company and the Suburban Disposal Company to this community," the village board had voted unanimously to issue licenses to these firms. The letter stated that although the plaintiff might apply for a license, the two authorized licenses "have been issued for this year, and you will have to cease operations in Lombard." The letter expressed the desire of the village that the plaintiff arrange "to wind up your affairs within the Village not later than May 1, 1962."

The complaint further alleged that one of plaintiff's customers received a postal card, from an unknown source, which advised him that the plaintiff would no longer be able to render scavenger service to him after May 1, 1962. It was alleged that the village acted "for the purpose of creat-

ing a monopoly in one or two groups of unidentified persons under the guise or description of the Lombard Disposal Company and the Suburban Disposal Company and by purported legal means to unlawfully destroy the Plaintiff from operating a lawful and valuable business within the village of Lombard subsequent to May 1, 1962." The complaint prayed that the court hold the ordinance unconstitutional, and that the village and its manager be enjoined from enforcing it.

The plaintiff acknowledges that the village could lawfully contract with one or more scavengers to do all of the scavenger work within the village, or alternatively, could limit by license the number of scavengers permitted to operate. In *Strub* v. *Village of Deerfield,* 19 Ill.2d 401, we sustained an ordinance that limited to two the number of scavenger licenses to be issued. For these reasons, apparently, the charges of monopoly that were made in the complaint are not pursued in this court.

So far as the validity of the ordinance itself is concerned, the plaintiff argues that it is incomplete because, although it provides that the application is to be made to the village clerk, "it doesn't provide what should become of that application after the City Clerk receives the same. It doesn't provide what he should do with it, it doesn't provide as to who should determine who should receive the license or under what conditions it should be determined who should be entitled to receive the license." These objections border on the frivolous. The licenses in this case were issued by the corporate authorities of the village, who were not required to delegate their authority to issue them to some subordinate official. *Cf. Gundling* v. *City of Chicago,* 176 Ill. 340, 350.

In the same category is plaintiff's contention that the cost of a license is made uncertain by the requirement that an annual cleanup be conducted and that public buildings and public litter receptacles be serviced, all without charge.

There are no allegations in the complaint that suggest that there are significant difficulties in ascertaining the cost of providing these services.

The plaintiff also argues that the two licenses were issued to "nonentities." This argument is based upon the allegations of the complaint that there are no corporations bearing the names of the licensees, and that their names do not appear on the assumed-name index in the office of the county clerk of Du Page County. (Ill. Rev. Stat. 1961, chap. 96, pars. 4 to 8.) The plaintiff cites no authority indicating that failure to register under the assumed-name statute precludes the right to receive a municipal license. This court held in *Grody* v. *Scalone,* 408 Ill. 61, that the criminal sanctions provided in the assumed-name statute are exclusive, and we see no reason to reach a different result here.

Finally, the plaintiff points out that the ordinance was passed on March 5, 1962, and published during the week of March 16, 1962, that the annual license period was July 1 to June 30, of the following year and that on March 23, 1962, he was advised that the two licenses had already been issued. He argues that the licenses were prematurely issued and that he was deprived of an opportunity to apply for one. This contention does not bear upon the validity of the ordinance. If established, it would afford no basis for an injunction totally restraining the enforcement of the ordinance, which was the relief sought by the plaintiff.

The decree of the circuit court of Du Page County is affirmed.

*Decree affirmed.*