178 P.2d 400

## GIBBONS v. TOWN OF HOT SPRINGS.
### No. 4964.

Supreme Court of New Mexico.
March 8, 1947.

Douglass K. Fitzhugh, of Hot Springs, for appellant.

Nils T. Kjellstrom, of Hot Springs, for appellee.

McGHEE, Justice.

Appellant sought a decree of specific performance of what he claims to be a contract entered into with appellee on August 1, 1938, following the passage of Ordinance No. 60 of Town of Hot Springs, and damages in the sum of $12,000.00 for failure of the town to enforce the ordinance by prosecution and the levy of assessments, resulting in loss of fees and the garbage which he used as hog feed. We will hereafter refer to the parties as they appeared in the District Court.

The ordinance created "Garbage Disposal District No. 1" which included practically all of the town; classified "rubbish" and "garbage"; provided for the kind of rubbish and garbage cans to be used; that the collector should use a closed truck; the fees to be charged; made it unlawful for any person other than the inspector or party holding the contract to haul or dispose of rubbish or garbage; for the appointment of a Town Garbage and Rubbish Collector, and that he should receive the fees fixed, but that he might at his option enter into contracts with persons having garbage at different rates. It also provided for an occupation tax and bond, and provided for a seventeen year term for the collector. It also provided for the levy of assessments against the property of de-

linquents. Provision is also made for a Sanitary Inspector, and his duties are defined.

On the same day the town and plaintiff signed the following instrument:

"This Agreement, made and entered into this the 1st day of August, 1938, by and between the Town of Hot Springs, a municipal corporation, in the County of Sierra, State of New Mexico, as party of the first part, and Walton Gibbons, of the aforesaid County and State, also a resident of Hot Springs, the party of the second part.

"Witnesseth, That the party of the first part has this day appointed Walton Gibbons as Garbage and Rubbish Collector for the Town of Hot Springs, and that his duties are to collect rubbish and garbage from all of District one of the said Town and to haul the same to a dumping ground outside the municipal corporation limits, which has been agreed upon by both parties.

"That the party of the second part has been granted this contract for the purpose of sanitary conditions which are set out in Ordinance No-60 of the Town of Hot Springs. The contract for removing garbage and rubbish from the Town is of the term of 17 (seventeen) years beginning August 1, 1938 and terminating August 1, 1955.

"A good and sufficient bond given by the party of the second part to the party of the first part for the faithful performance of his duties as such collector shall be and is in the amount of seventeen hundred dollars ($1700.00), and that the party of the second part shall be the Official Garbage Collector for District No-1, and as long as he performs his duties as set out by Ordinance No-60 that no other Collector shall be appointed by the Mayor and Board of Trustees to perform the aforesaid duties, in District No-1.

"In Witness Whereof, the party of the first part and the party of the second part do hereunto set their names, and the day and year first being written. Executed in duplicate."

The plaintiff contends that he has a seventeen year contract with the defendant, while the defendant claims that he is only an appointee and may be removed by it. So far as the results of this appeal are concerned it is immaterial which is correct on this point. The trial court made the following findings of fact, among others.

"13. In the latter part of 1940 and during 1941, 1942, 1943 and 1944, many complaints were lodged by citizens with the Town that plaintiff failed and neglected to haul the garbage and rubbish from restaurants and business places and other points of collection daily or regularly; and the court finds that plaintiff did so neglect and fail regularly to collect and haul the accumulated rubbish and garbage, as provided in the ordinance; that in some instances

such neglect and failure of plaintiff to collect and haul away such rubbish and garbage continued for days and even weeks, until the accumulated waste became a nuisance, and that for protection and purposes of safety, health and sanitation, citizens were obliged to haul away such waste or arrange for its hauling by third persons.

"14. During the past three years, and especially 1943 and 1944, because of war conditions and restrictions, the inhabitants have not been able to obtain and provide containers for the keeping of garbage, etc. of the type and kinds specified in the ordinance, and so they have resorted to the use of other kinds of receptacles. The plaintiff has failed and refused to collect, haul and dispose of the garbage when and where the same was not gathered and placed in regulation containers as specified in the ordinance. During the same period, because of war conditions and restriction, plaintiff has not been able to provide and use a conveyance or vehicle, or body therefor, constructed as prescribed by the ordinance for the hauling of the garbage, and he has been obliged to resort to the hauling of garbage in cans etc. in open bodied trucks."

These findings were not challenged by plaintiff in his brief or in the oral argument, and we accept them.

It is a fundamental rule of specific performance that the complainant coming into equity for specific performance must show not only that he has a valid, legally enforceable contract, but also that he has complied with its terms by performing or offering to perform, on his part, the acts which formed the consideration of the undertaking on the part of the defendant. 49 A.J., § 40, Spec.Perf. p. 53.

The above findings effectively dispose of plaintiff's claim for damages, for one so flagrantly in default in the performance of his duties and obligations in handling the garbage of the town may not recover.

The judgment will be affirmed, and it is so ordered.

BRICE, C. J., and LUJAN and SADLER, JJ., concur.