410 P.2d 411

Lowell HILGER, Plaintiff-Appellant,

v.

R. Hugo C. COTTER and Jane H. Cotter, his wife, William R. Hendley and Alice J. Hendley, his wife, Defendants-Appellees.

No. 7772.

Supreme Court of New Mexico.

Jan. 24, 1966.

Dale B. Dilts, Albuquerque, for appellant.

Shaffer & Butt, Albuquerque, for appellees.

COMPTON, Justice.

The plaintiff appeals from an order dismissing his complaint in which he sought to recover the entire amount due under a real estate contract alleged to be in default.

The dismissal was based upon two grounds, (a) that the complaint failed to state a claim upon which relief can be

granted, and (b) that plaintiff's interest in the real estate which is the subject of the action had been extinguished.

The plaintiff, Lowell Hilger, was the assignee of a certain real estate contract, dated April 15, 1958, between parties by the names of Storms, as sellers, and Reed, as purchasers, in which he assumed the obligations thereunder including a mortgage to Albuquerque Federal Savings & Loan Association. On November 15, 1960, he executed a real estate contract assigning the same property to parties by the name of Layne, subject to the above obligations, for a consideration of $36,500.00. On August 29, 1961, the Laynes assigned the contract to the defendants here, who agreed to be bound by its covenants and conditions.

For the sake of clarity, the appellees as assignees of the Laynes were obligated to pay monthly installments of $300.00, of which $63.00 was to be applied on the Storms mortgage; $137.00 was to be applied on the Storms-Reed (Hilger) contract; and $100.00 was to be applied on the Hilger-Layne contract; nevertheless, appellees defaulted in their payments. It was provided in paragraph 3 of the contract that in the event the purchasers failed to make the payment on the mortgage, or on the Storms-Reed contract, that Hilger "may make either or both of said payments, charge to the balance due under this contract, and declare default as provided in paragraph 8 hereof."

Paragraph 8 provided that in the event of the failure or refusal of the purchasers to pay any sums called for under the contract,

"* * * then the Owner may, at his option, either declare the whole amount remaining unpaid to be then due, and proceed to enforce the payment of the same; or he may terminate this contract and retain all sums theretofore paid hereunder as rental to that date for the use of said premises, and all rights of the Purchaser in the premises herein described thereupon cease and terminate. * * *"

This action, filed May 10, 1963, was to enforce the payment of the whole amount due under the real estate contract. In addition, the plaintiff sought reimbursement for payments made by him for appellees under paragraph 3, and prayed for a judgment against the appellees jointly and severally in the sum of $36,500.00, plus costs.

On May 29, 1963, the appellees moved to dismiss the complaint on several grounds, the first of which was that it failed to state a claim upon which relief can be granted. Thereafter, on two separate occasions, a date was set for hearing on the motion but nothing appears to have transpired until August 24, 1964, when a second motion to dismiss was filed by appellees on the ground that a special warranty deed from the Reeds to the Storms had been filed of record on

August 5, 1964, which had the effect of extinguishing the appellant's chain of title in the subject property and which rendered his demand moot. The court dismissed the complaint on both grounds and this appeal followed.

 The appellant's first contention is that the court erred in dismissing his complaint on the ground it failed to state a cause of action. He insists that the cause of action stated was for the amount due under the contract. In his brief he denominates the suit as one for breach of contract. However, we do not consider nor express any opinion as to whether in addition to the remedies mentioned in paragraph 8, appellant could have sued for damages to cover his loss of profit in the sale. It is quite apparent that this is not what he is here attempting to do. Rather it appears that no forfeiture was declared as provided in paragraph 8, and the question is therefore one of whether a cause of action was stated for the unpaid balance under that provision, which is in effect an action for specific performance. The complaint is totally deficient of allegations required to state an action in specific performance.

It is well established that a complainant in a suit for specific performance must allege that he has performed his part of the contract or that he is ready, able and willing to perform it. A vendor complainant in such a proceeding must by his pleading show not only that he has a legally enforceable contract but that he has complied therewith by performing or offering to perform. 81 C.J.S. Specific Performance § 131a, d (2), pp. 691–694; 49 Am.Jur., Specific Performance, § 161, p. 184. In Gibbons v. Town of Hot Springs, 51 N.M. 49, 178 P.2d 400, we said:

"It is a fundamental rule of specific performance that the complainant coming into equity for specific performance must show not only that he has a valid, legally enforceable contract, but also that he has complied with its terms by performing or offering to perform, on his part, the acts which formed the consideration of the undertaking on the part of the defendant."

No allegation appears in the complaint of an offer to perform nor does the appellant assert such an offer here.

 Under his second point the appellant contends that since the failure of his title was caused by the appellees' failure to make the payments according to the contract, the condition of title delivery should be waived for the reason that a party to a contract cannot take advantage of his own act or omission to escape liability. This contention also is without merit. It is obvious that appellant was not prevented from protecting his interest in the property because of the acts of omission of the appellees. He was obligated for the amounts

due on the Storms-Reed contract, irrespective of the appellees' default. It was appellant's failure to meet his own obligations that extinguished his chain of title in the property and prevents his resort to the remedy of specific performance. See 5A Corbin on Contracts, § 1170.

For the reasons stated, we conclude that the court did not err in granting the motions to dismiss. This conclusion disposes of another point raised by appellant. The judgment should be affirmed, and it is so ordered.

NOBLE and MOISE, JJ., concur.